```
 1  MARILYN E. BEDNARSKI (No. 105322)
    KAYE, McLANE, BEDNARSKI & LITT, LLP
 2  234 East Colorado Blvd. Suite 230
    Pasadena, California 91101
 3  Telephone: (626) 844-7660
    Facsimile: (626) 844-7670
 4  Email: mbednarski@kmbllaw.com

 5  Attorneys for Defendant/Petitioner
    Edward Toliver
 6
    David. M. Herzog
 7  United States Attorney's Office
    1500 U.S. Courthouse
 8  312 North Spring Street
    Los Angeles, California 90012
 9  Telephone:(213) 894-0600
    Facsimile: (213) 894-3713
10  Email: david.herzog@usdoj.gov

11  Attorneys for Respondent
    United States of America
```



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| Edward Toliver, | Case No. CV 11-9726-SVW |
|---|---|
| Petitioner/Defendant, | Underlying Criminal Case No. CR 08-893-SVW |
| v. | [Proposed] **ORDER FINDING LIMITED WAIVER OF ATTORNEY CLIENT PRIVILEGE AND PROTECTIVE ORDER** |
| United States of America, | |
| Respondent/Plaintiff. | |

GOOD CAUSE APPEARING from the stipulation of the parties, and files and records in this case, and pursuant to Pursuant to <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003) this Court enters the following two orders:

FIRST, THIS COURT FINDS AND SO ORDERS that Petitioner Toliver has waived his attorney-client privilege as to the litigation of the claims raised in his §2255.

SECOND, THIS COURT ISSUES THIS PROTECTIVE ORDER regarding (1) documents and materials from prior counsel(s)' files that Petitioner provides to Respondent during this habeas action; (2) any related testimony provided at a deposition or an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to the Court:

    1.    To the extent that the Court will order Petitioner to produce documents and discovery in this matter to Respondent, which Petitioner may claim are subject to claims of privilege or protected from disclosure by the attorney work product including Petitioner's prior counsels'[1] files, and the files of other defense team members, such discovery shall also be subject to this Protective Order and shall remain confidential and sealed.[2] To the extent that this Court has ordered the taking of the deposition of trial counsel Christopher McReynolds, such discovery shall be subject to this Protective Order and shall remain confidential and sealed. If an evidentiary hearing is held in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed. Petitioner contends that the testimony provided by these witnesses is subject to claims of

---

[1] References in this stipulation and proposed order to "prior counsel," are to all prior counsel in the criminal case underlying this writ, *United States v. Edward Toliver*, CR 08-893-SVW, including petitioner's trial counsel Mr. McReynolds and any attorneys previously retained by him or appointed to represent him in that matter.

[2] Pursuant to the stipulation of the parties, it is ordered that, to the extent any portions of prior counsels' files have already been turned over to Respondent informally, that this protective order shall also apply to those documents.

privilege and/or protected from disclosure by the attorney work product doctrine.[3]

2. All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, working with or at the direction of attorney Marilyn E. Bednarski , and persons retained by Petitioner's counsel Bednarski to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned by the United States Attorney's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

3. Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order. If Respondent contends that she needs to disclose Petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall provide to Petitioner's counsel (a) the identity of the individual/s to whom access is going to be provided, and (b) Respondent's reasons

---

[3] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

1  therefor. Petitioner shall notify Respondent within three court days of his non-opposition
2  or objection to Respondent's proposal. If Petitioner objects to Respondent's proposal,
3  and if the parties cannot resolve their differences within three additional court days,
4  Petitioner shall provide his written objection to Respondent within three further court
5  days. Respondent shall file and serve a document containing Petitioner's objections and
6  Respondent's responses within three additional court days. The Court shall rule on
7  Petitioner's objections before the privileged materials are disclosed. Any person
8  obtaining access to the privileged material pursuant to this process shall also be given a
9  copy of this Protective Order and shall sign a statement agreeing to be bound by the terms
10 of this Protective Order.

11    4.    Documents and testimony that Petitioner contends are privileged shall be
12 clearly designated as such by labeling the documents or testimony in a manner that does
13 not prevent reading the text of the document.

14    5.    All documents and testimony designated as privileged by Petitioner that are
15 submitted to this Court shall be submitted under seal in a manner reflecting their
16 confidential nature and designed to ensure that the privileged material will not become
17 part of the public record. Should an evidentiary hearing be held in this matter, privileged
18 testimony shall be clearly designated as such by marking the transcripts of the
19 proceeding. Any pleading, deposition transcript, discovery response or request, or other
20 papers served on opposing counsel or filed or lodged with the court that contains or
21 reveals the substantive content of the privileged matter shall be filed under seal, and shall
22 include a separate caption page that includes the following confidentiality notice or its
23 equivalent:
24 //
25 //

"TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED"

6. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. <u>Previously Filed or Lodged Papers</u>: No later than 30 days after the filing of this Protective Order, Petitioner shall identify any other previously filed or lodged pleading, order, declaration, transcript or other document or item, or any part thereof, that contains or discloses the substance or content of the privileged matter. For each such item, following consultations with Respondent, Petitioner shall file a Redacted Version of the item, blocking out the matter comprising the privileged matter; and for each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed Under Seal" caption page and envelope that conform to the Privileged Caption, and the clerk shall insert the filed or lodged item in the envelope, seal the item and re-file it.

8. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a

1  deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's
2  rights under the Fifth and Sixth Amendments to the United States Constitution in the
3  event of any retrial.
4     9.   This order shall continue in effect after the conclusion of the habeas corpus
5  proceedings and specifically shall apply in the event of a retrial of all or any portion of
6  Petitioner's criminal case. Any modification or vacation of this order shall only be made
7  upon notice to and an opportunity to be heard from both parties.
8  IT IS SO ORDERED.
9  DATED: September 2, 2013          By: _____
                                          Honorable Stephen V. Wilson
10                                        Judge, United States District Court

11 Jointly Proposed by,

13  /S/ M. Bednarski
    Marilyn E. Bednarski
    Atty. for Petitioner

    and,

16  /S/ M.Bednarski for D.Herzog
    by email authorization 9 27 13
17  David. M. Herzog
    Atty. For Respondent

6